[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE MOTION TO DISMISS BY DEFENDANT ADOLF LEUZE
Upon considering all materials presented to the Court in support of and in opposition to the Motion to Dismiss filed by defendant Adolf Leuze on November 26, 2002,[1] the Court hereby rules, for the following reasons, that said Motion must be DENIED:
1. This is an action by plaintiff Peter Schrobenhauser, a resident of Connecticut who maintains his business in West Hartford, Connecticut, to recover money damages from three defendants: bielomatik-Leuze GmbH Co. ("bielomatik-Leuze"), a German limited partnership with an address in Neuffen, Germany, which owns a division in Enfield, Connecticut; Bielomatik, Inc., a Delaware corporation with its principal place of business in Michigan; and Mr. Adolf Leuze, a citizen of Germany and former managing director of bielomatik-Leuze who, at the time this action was commenced, was both a member of bielomatik-Leuze's board of advisors and a partner of R M Leuze OHG, the German partnership which is the ultimate owner of bielomatik-Leuze.
2. Upon being served with process on August 15, 2002, the three defendants appeared in this case by and through their present counsel, Frederic P. Rickles, Esq. of Greenwich, Connecticut, on September 27, 2002.
3. On October 25, 2002, defendant Leuze moved the Court for an extension of time until November 27, 2002 "to file a pleading responsive to plaintiff's Complaint, including but not limited to a motion to dismiss." Motion for Extension of Time to Plead of Defendant Adolf Leuze (10/24/02), p. 1. As grounds for this Motion, defendant Leuze's counsel represented that the extra time was "needed in order to fully investigate the issues in this lawsuit as they pertain to Leuze's motion to dismiss, as well as to communicate between counsel and Defendant Leuze, who resides in Germany." Id. CT Page 3251
3. On October 31, 2002, the plaintiff objected in writing to defendant Leuze's Motion for Extension of Time to Plead insofar as it sought to extend the 30-day deadline established by the Practice Book for filing a motion to dismiss. The 30-day deadline, claimed the plaintiff, is expressly made mandatory by the following language in Practice Book § 10-30: "Any defendant wishing to contest the court's jurisdiction. . . must do so by filing a motion to dismiss within thirty days offiling an appearance." (Emphasis added.) Failure to comply with that deadline, the plaintiff argued, is fatal to a defendant's jurisdictional challenge under Practice Book § 10-32, which provides that: "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed . . . within the time provided by § 10-30."
4. The defendants have replied to the plaintiff's Objection by citing several Superior Court cases in which individual trial judges reached the merits of defendants' late-filed motions to dismiss because the defendants had moved for extensions of time to file responsive pleadings. See Bartron v. Ferry, 33 Conn.L.Rptr. 87, 2002 WL 31255761
(Conn.Super., Sept. 11, 2002, Scholl, J.) (wherein the Court observed in dictum that defendants' motion to dismiss was filed four days before the deadline set upon the granting of their motion for extension of time to file a responsive pleading); Smith v. McKeough, 2002 WL 31125259
(Conn.Super., Aug. 19, 2002, Hurley, J.T.R.) (wherein the Court, before denying the defendant's motion on the merits, "agree[d]," without discussion, "that . . . the granting of the continuance for `Extension of Time to Plead,' i.e., [to] file a responsive pleading . . ., ma[de] the motion to dismiss . . . timely[;]" McNamara v. Tournament Players Club ofConnecticut, Inc., 2001 WL 1187091 (Conn.Super., Sept. 10, 2001, Gilardi, J.) (wherein the Court observed in a footnote that, notwithstanding the 30-day filing requirement of Practice Book §10-30, it would "treat the [defendants' late-filed] motion to dismiss as timely" because they "also filed . . . a motion for an extension of time to file a responsive pleading.")
5. On November 26, 2002, sixty days after counsel filed his appearance for the defendants, including defendant Leuze, but one day short of the extended deadline he had requested in his Motion for Extension of Time to Plead, which had not yet been adjudicated, the defendant filed his pending Motion to Dismiss on the ground that "this Court lacks personal jurisdiction over him because he lacks sufficient contracts with Connecticut to make the exercise of personal jurisdiction statutorily and constitutionally permissible." The defendant, as previously noted, supported his Motion to Dismiss with a Memorandum of Law and a personal Affidavit dated November 20, 2002. CT Page 3252
6. On December 19, 2002, the plaintiff objected in writing to the defendant's Motion to Dismiss on two principal grounds. First, he claimed that the defendant had waived his right to challenge the Court's jurisdiction over his person by failing to file his Motion to Dismiss within thirty days of filing an appearance in this case. Second, he claimed that this Court's exercise of personal jurisdiction over him is both statutorily and constitutionally permissible. As support of his Objection — indeed, as part thereof — the plaintiff filed an opposing memorandum of law and his own personal Affidavit dated December 18, 2002.
7. In further support of his claim that the defendant's Motion to Dismiss was untimely filed, and thus that he had waived his right to contest this Court's jurisdiction over his person under Practice Book §§ 10-30 and 10-32, the plaintiff has called to this Court's attention to the case of Knowles v. Institute for Diabetes, LLC,32 Conn.L.Rptr. 139,2002 WL 1335653 (Conn.Super., May 13, 2002, Robinson, J.). There, the Court addressed the apparent inconsistency between the mandatory 30-day post-appearance deadline for the filing of motions to dismiss, as established by Practice Book § 10-30, and the general requirement of Practice Book § 10-8 that pleadings be advanced within thirty days of the return date. Attempting to construe the two rules in such a way "that, if possible, the intent of both will be carried out," the Knowles
Court ruled as follows:
Section 10-8 of the Practice Book requires that the pleadings be advanced within thirty days of the return date. Section 10-6 (2) of the Practice Book provides that the next pleading filed after the complaint is the motion to dismiss. Section 10-30 of the Practice Book provides that a motion to dismiss must be filed within thirty days of the filing of the movant's appearance, therefore, in those situations wherein the defendant does not file its appearance on or before the return day, in order to file a motion to dismiss pursuant to § 10-30, within thirty days of the filing of the appearance, but subsequent to the thirty-day period after the return day, the movant must file a motion for extension of time to file a motion to dismiss. Said extension of time could be for a period of up to thirty days after the movant filed its appearance, but the movant of course is still required to file the motion to dismiss within thirty days of its appearance.
Id. On the basis of that analysis, the Court set aside a default for failure to plead which had been entered more than thirty days after the return date but less than thirty days after the defendants filed their appearance in the case. CT Page 3253
8. Though the foregoing rulings are surely of interest, their significance is diminished, if not completely undermined, by our Supreme Court's recent decision in Pitchell v. Hartford, 247 Conn. 422 (1999). InPitchell, the Supreme Court was asked to decide if a defendant had waived his right to challenge the Court's jurisdiction over his person under Practice Book § 10-30 by failing to file his motion to dismiss within thirty days of the original appearance of his counsel, where counsel's intent to represent him, and ethical ability to do so without a conflict of interest, was called into question within three days of the filing of the original appearance. The defendant seeking dismissal was a former Hartford police officer, Gregory Sargis, who had been sued for money damages in connection with the shooting of the plaintiff by a different Hartford police officer, James Callan, whom defendant Sargis allegedly failed to control. Counsel for the City, from a prominent Hartford law firm, originally filed an appearance for "all defendants" — the two police officers as well as the City. Three days later, however, the law firm filed an "amended appearance" for the City only. In the four months that followed, the law firm did nothing to represent defendant Sargis. Among other things, it failed to file a motion to dismiss on his behalf. Later, since the Court continued to treat the law firm as legal counsel for "all defendants," the firm moved successfully to withdraw its appearance on behalf of the individual defendants on the ground of conflict of interest.
9. Notwithstanding these extenuating circumstances, the Pitchell Court rejected the defendant's argument that he was functionally unrepresented from the date of counsel's amended appearance forward, and thus that he should not be deemed to have waived his jurisdictional challenge because of counsel's failure to move to dismiss within the 30-day filing period established by Practice Book § 10-30. To the contrary, ruled the Court, the defendant's original counsel properly remained his counsel for all purposes from the date of his original appearance forward until the date of the granting of his motion to withdraw. The Court therefore ruled as follows that the defendant had waived his jurisdictional challenge by failing to move to dismiss within thirty days of the filing of counsel's original appearance:
[T]he filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims. Nevertheless, "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance . . ." Practice Book § 10-30. The rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person is waived CT Page 3254 unless it is raised by a motion to dismiss filed within thirty days . . . Thus, thirty-one days after the filing of an appearance . . . a party is `deemed to have submitted to the jurisdiction of the court.' Any claim of [lack of personal jurisdiction] is waived if not sooner raised.
Pitchell, supra, 247 Conn. at 432-33. "The rules of practice," thePitchell Court continued,
are unambiguous. Its provisions create evenhanded, easy to follow procedures that all litigants must follow. As the plaintiff argues, to allow a party to compromise these well established, unambiguous Practice Book provisions would lead to a case-by-case analysis by the courts, which would lead to uncertainty of application.
Pitchell, supra, 247 Conn. at 436.
10. The upshot of Pitchell could hardly be clearer. The 30-day deadline for filing motions to dismiss based on alleged lack of personal jurisdiction is a mandatory deadline that must be complied with or the defendant will be deemed to have waived all challenges he might have to the Court's jurisdiction over his person. Extension of the deadline for any reason, on a motion for extension of time to file a responsive pleading or otherwise, would be completely inconsistent with the relevant language of the Practice Book, which makes no provision whatsoever for such extensions. Granting extensions to some defendants and not others, moreover, would surely lead to the very result that the Pitchell Court sought to avoid by issuing its strongly worded decision, to wit:
[a] compromise [of] these well established, unambiguous Practice Book provisions[, and with it] . . . a case-by-case analysis by the courts, which would lead to uncertainty of application.
Pitchell, supra, 247 Conn. at 436.
11. Bound, as it is, by our Supreme Court's decision in Pitchell, this Court must conclude that the instant Motion to Dismiss was untimely filed because it was not filed within thirty days of the filing of counsel's appearance herein. Accordingly, because the failure to file a timely motion to dismiss on the ground of lack of jurisdiction over the person constitutes a waiver of one's jurisdictional challenge as a matter of law, under Practice Book § 10-32, the instant motion must be DENIED.
IT IS SO ORDERED this 6th day of March 2003.
Michael R. Sheldon, J. CT Page 3255